CASE 26—PETITION ORDINARY—JUNE 26.

# Cook vs. Gray.

APPEAL FROM HARRISON CIRCUIT COURT.

1. The allegations of a counter-claim, if not replied to, *are to be taken as confessed*, and must be allowed if it presents a legal defense.
2. There is a material distinction between a warranty of a chattel on an executed sale, and a warranty that articles to be manufactured and delivered in future shall be of a particular quality. In the former case the purchaser has the right to rely upon the warranty without examination or inspection of the article, and therefore may return the articles or sue for the breach of warranty, or use it as a defense by way of recoupment; whereas, in the latter case, if he should receive the article, he thereby furnishes conclusive evidence to warrantor that the article is of the quality covenanted to be delivered. (*O'Bannon, &c., vs. Rolfe & Bledsoe, 7 Dana, 327.*)

J. S. BOYD,                                    For Appellant.

W. W. TRIMBLE,                                 For Appellee,

CITED—

7 *Dana*, 221; *O'Bannon, &c., vs. Rolfe.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Gray sold to Cook his mill and accounts due, among which was one for $500 on McCoy, for fifty barrels of flour sold and delivered to him by Gray, who warranted it to be good family flour, which was in reality musty, and not such as warranted, and because of which McCoy demanded a deduction of $190 60.

Cook pleaded this as a counter-claim to Gray's suit for a remainder of the purchase price; Gray made no reply to this counter-claim, and the cause being submitted to

the court, he adjudged against Cook. The evidence establishes the breach of warranty; besides, the allegations as to the counter-claim are to be taken as confessed, and must be allowed if it presents a legal defense.

It is contended upon the authority of *Dana vs. Boyd*, 2 *J. J. Mar.*, 593, *and O'Bannon & Co. vs. Rolfe & Bledsoe*, 7 *Dana*, 329, that McCoy was entitled to no deduction on the price of the flour, and therefore Gray's implied warranty to Cook that said account for $500 on McCoy was an existing liability, was not broken.

But, as said by this court in *O'Bannon & Co. vs. Rolfe & Bledsoe*, there is a material distinction between a warranty of a chattel on an executed sale and a warranty that articles to be manufactured and delivered in future shall be of a particular quality. In the former case the purchaser has the right to rely upon the warranty without examination or inspection of the article, and therefore may return the article or sue for the breach of warranty, or use it as a defense by way of recoupment. Whereas, in the latter case, if he should receive the article, he thereby furnishes conclusive evidence to the warrantor that the article is of the quality covenanted to be delivered.

McCoy was entitled, under the evidence, to the abatement, and this should have been allowed to Cook on his counter-claim.

Wherefore, the judgment is reversed.