*T. Z. Morrow, for appellee.*

---

SAMUEL S. GREGG *v.* WM. G. WOODS.

[Kentucky Law Reporter, Vol. 3—526.]

**Warranty in Sale of Horse.**

In a suit for an alleged breach of warranty that a horse sold was gentle, safe and a good harness horse it is not necessary for the plaintiff to show that the defendant knew the horse was not such as he warranted him to be.

**Joining Causes of Action.**

> When the plaintiff has a cause of action upon a contract, and also a cause of action for fraud or negligence directly connected with the contract, he may unite them in the same petition.

### APPEAL FROM JESSAMINE CIRCUIT COURT.

### January 21, 1882.

OPINION BY JUDGE LEWIS:

Two causes of action are stated in the original petition. The first is for an alleged breach of warranty that the horse sold was gentle, safe and a good harness horse. The second is for fraudulent concealment of alleged unsoundness of the horse.

To maintain the action upon the first ground it was not necessary for the plaintiff to show that the defendant knew the horse was not such as he warranted him to be. Nor was it necessary in order to recover damages upon the second ground, for him to have tendered the horse back and demanded a rescission of the contract. The court, therefore, erred not only in instructing the jury that these were necessary conditions of recovery by the plaintiff, but also erred to his prejudice by embodying in one what should have been given in separate and distinct instructions, whereby the plaintiff was deprived of any alternative right of recovery.

In the amended petition tendered by the plaintiff, and which the court refused to permit filed, it is alleged that the defendant sold the plaintiff the horse as sound and all right, and warranted him to be such, whereas he was at the time diseased and unsound in his eyes and otherwise, and by reason thereof he was of no value to him. Though the cause of action stated in the amended petition is one arising upon contract and distinct from the one founded upon the alleged fraudulent concealment set forth in the original petition, still, under Civ. Code (1876), § 83, as construed by this court, it may be properly united and prosecuted in the same action with that cause of action.

In the case of *Jones v. Johnson,* 10 Bush (Ky.) 649, this court used the following language: "Whenever the plaintiff has a cause of action upon a contract, and also a cause of action for fraud or negligence directly connected with the contract, we have no doubt but he may unite them in the same petition."

While we do not say, because unnecessary, whether or not the court below abused a sound discretion in refusing to permit the amended petition filed at the time and under the circumstances it was offered, we are of the opinion the cause of action stated therein may be properly joined with those contained in the original petition. When a new trial is had, if offered, the amended petition should be filed.

As the witness, Herr, resided within twenty miles from the place where the court that tried the case was held, the exception to the reading of his deposition was properly sustained. He is not a practicing physician or surgeon in the meaning of Civ. Code (1876), § 554. But for the errors indicated the judgment of the court below must be *reversed* and cause remanded with directions to set aside the verdict of the jury, grant to appellant a new trial, and for further proceedings consistent with this opinion.

*Huston & Mulligan, for appellant.*

*Geo. W. Darnall, for appellee.*

[Cited, *Webb v. Milford Shoe Co.,* 128 Ky. 308, 108 S. W. 229.]

