CASE 71—PETITION ORDINARY—MARCH 31.

# Jones Brothers v. McEwan.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

SALES OF PERSONAL PROPERTY—WAIVER OF OBJECTION TO QUALITY.—
Where there is a contract to deliver goods or chattels of a particular description at a future day, and the vendor, in good faith, in discharge of the contract, tenders goods which the vendee, after inspecting or

having an opportunity to inspect, receives in discharge of the contract, the vendee can not thereafter sue the vendor to recover damages upon the ground that the goods were not of the description or quality contracted for.

L. H. JONES FOR APPELLANTS.

An express warranty in sales of personal property is never conclusively waived by any acceptance of the goods, unless, perchance, in some cases of known defects. A waiver may arise as a presumption of facts, but never as a conclusive presumption of law. Indeed, an action for damages for breach of the warranty can not be brought until there has been an acceptance of the goods and an affirmance of the contract. (McKibben v. Bakers, 1 B. M., 120; Benjamin on Sales (Bennett's ed., 1888), pages 606, 607, 853; Smith's Mercantile Law, p. 645; 1 Parsons on Contracts, vol. 1, p. 629; Dana v. Boyd, 2 J. J. M., 587; O'Bannon & Co. v. Relf, &c., 7 Dana, 320: Sprague v. Blake, 20 Wend., 61; Hart v. Wright, 17 Wend., 277; Reed v. Randall, 29 N. Y., 358; Hyatt v. Boyle, 5 Gill & J., 110; Kerr v. Smith, 5 B. M., 552; Day, &c., v. Pool, &c., 52 N. Y., 416; Dounce v. Dow, &c., 64 N. Y., 411; McParlin v. Boynton, 8 Hun., 449; 71 N. Y., 604; McCormick v. Sarson, 45 N. Y., 265; Locke v. Williamson, &c., 40 Wis., 377; Morehouse, &c., v. Comstock, 42 Wis., 626; Kellogg v. Denslow, 14 Conn., 411; First National Bank v. Grinstaff, &c., 45 Ind., 158; Ferguson v. Hesier, 58 Ind., 438; Ricketts v. Hays, 13 Paige, 181; Mann v. Everston, 32 Ind., 355; Taylor v. Cole, 111 Mass., 363; Douglas Axe Manufacturing Co. v. Gardner, 10 Cush., 88; Kimball & Austin Manufacturing Co. v. Seth Vroman, 35 Mich., 311; Hull v. Belknap, 37 Mich., 179; Scott v. Raymond, 31 Minn., 437; Eagan Co. v. Johnson, 82 Ala., 233; Doane v. Dunham, 65 Ill., 512; Polhemus v. Heiman, 45 Cal., 573; Cox v. Long, 69 N. C., 7; Lewis v. Roundtree, 78 N. C., 323; Rodgers v. Niles, 11 Ohio St., 48; Byers v. Chapin, 28 Ohio St., 300; Boothby v. Plaisted, 51 N. H., 436; Field v. Kinnear, 4 Kan., 476; McCarty v. Gorden, 14 Kan., 35; Gill v. Kaufman, Idem, 571; Biggers v. Board, 20 Kan., 204; Nye v. Iowa City Alcohol Works, 51 Iowa, 129; Youghiogheny Iron & Coal Co. v. Smith, 66 Pa., 340; Brantly v. Thomas, 22 Texas, 270; Gurney v. Atlantic & G. W. R. Co., 58 N. Y., 358; Gautier v. Douglas, &c., Co., 13 Hun., 514; Gaylord Manufacturing Co. v. Allen, 53 N. Y., 515.)

If the matter was an inducement to the contract, and so constituted a part of it, whether it be a description or a condition in an executory contract, it becomes in all cases alike, after the contract is executed, a warranty. (Baird & Co. v. Mathews, 6 Dana, 134; Benjamin on Sales (Corbin's ed.), vol. 2, sec. 857, p. 741; Idem, vol. 2, p. 856, note 29; Idem, p. 844, note 24; Idem, p. 799, note 32.)

Jones Brothers v. McEwan.

GEORGE B. NELSON FOR APPELLEE.

The jury having found that the contract called for No. 2 wheat simply, and not wheat that should be graded No. 2 at the terminal point of shipment, the only point for decision is, whether the court erred in instructing them that if the appellants accepted the wheat after an opportunity to inspect it, they were thereby precluded from complaining of any defect in quality. This instruction was correct. A description of a thing to be sold and delivered in future is not a warranty. While a vendor may contract to sell and deliver with warranty, it was not done in this case. (Dana v. Boyd, 2 J. J. Marshall, 593; McKibben v. Baker, 1 B. Monroe, 125; Kerr v. Smith, 5 B. Monroe, 553; O'Bannon v. Relf, 7 Dana, 320; Sprague v. Blake, 20 Wendell, 64; Hart v. Wright, 17 Wendell, 277; 2 Kent's Comm., 479, 3d ed.; Gallagher v. Waring, 9 Wendell, 28; Benjamin on Sales, secs. 918, 1342, 1343.)

A description of articles to be sold and delivered may be treated as an agreement to warrant only under such circumstances as would make the same language operate as a warranty in a sale *in præsenti*, and a mere representation as to the quality in a sale *in præsenti* where the defect is patent is not a warranty.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellants, grain and commission merchants of Winchester, purchased of the appellee, engaged in the same general business at Pine Grove and Colby stations, on the Chesapeake and Ohio Railroad, all the wheat that the appellee had engaged in the vicinity of these stations, which was to be delivered at said stations in car-load lots, and to grade No. 2 wheat. The appellee delivered said wheat at said stations, and it was there received by the appellants, and they personally inspected a part of the same as it was delivered, and pronounced it all right. They caused the wheat to be shipped to Newport News. the place of destination, where it was inspected and pronounced, at least a part of it, not No. 2 wheat in that market. The appellee sued the appellants for a balance of the purchase money, to which they pleaded as counter-

claim and set-off, that, as by the terms of the contract, the wheat was to grade No. 2 at Newport News, the terminal point, and as ·it did not grade No. 2 at said point, they were damaged in the sum of six hundred and forty-nine dollars. The appellee contended that, by the terms of the contract, the wheat was to grade No. 2 at the place of delivery, and the appellants, after inspecting, or having an opportunity to inspect, the wheat at said place, received the same in discharge of appellee's contract, which released him from all damage.

The question as to whether at the terminal place or that of delivery the wheat was to grade No. 2, having been passed upon by the jury, and they having decided from the evidence that the grade was to be at the place of delivery, we must regard that fact, for the purpose of this review, as settled. So the question arises, conceding that the wheat did not grade No. 2 at the place of delivery, did the reception of it by the appellants, at the place of delivery, after having inspected it, or after having had a fair opportunity to inspect it, satisfy the terms of the contract to deliver wheat of No. 2 grade.

This court, in the cases of Dana v. Boyd, 2 J. J. M., 594 ; O'Bannon v. Relf, 7 Dana, 320 ; Kerr v. Smith, 5 B. M., 553 (which have been subsequently evidently approved by this court in a number of cases ; also, Benjamin on Sales, the text, 4th ed., see sec. 600 to 609) has held that where there is a contract to deliver goods or chattels of a particular description or quality, at a future day, and the vendor tenders goods not of the agreed description or quality

in discharge of the contract, and the vendee, after inspecting them, or after having had a fair opportunity to do so, receives them in discharge of the contract, he can not thereafter maintain an action against the vendor to recover damages for the defects in the description or quality. The stipulation that goods of a certain description or quality are to be delivered is made an essential part of the contract, which must be complied with by the vendor as a condition preceding the obligation of the vendee to receive the goods and pay for them; and if the goods tendered in discharge of the contract do not come up to the terms of it as to description or quality, vendee has a right to reject them and hold the vendor responsible in damages; but if he, after having inspected them, or after having had a fair opportunity to do so, receives them in discharge of the contract, although they do not, as to description or quality, comply with its terms, he thereby waives their defects, and he can not recover damages on account of them. For this rule, as it seems to us, the sound or equitable reason is given, to wit: When the vendor tenders the goods in discharge of the contract, and they do not come up to the stipulation, if the vendee, after having inspected them, or after having a fair opportunity to do so, would reject them, the vendor, in many cases, could comply with his contract by delivering other goods of the contract description or quality; or, in the absence of such right or opportunity, he would have the opportunity to take charge of them, and dispose of them himself rather than confide the sale of them to the vendee, whose interest might be to have recourse on the vendor, and to

handle the goods with that view alone; or his busi-
ness capacity might be such that the vendor would
not be willing to trust him.    But if the vendee, after
inspecting, or having a fair opportunity to inspect,
the goods were allowed to receive them in discharge
of the contract, and then hold the vendor responsible
for actual or supposed defects by exposing him to
actions on the warranty on account of defects, but
really to cover losses resulting from short-sighted
speculation, or the wayward changes in the market,
after he had been led to believe that all was satis-
factory, would be most inequitable.    Hence, to regard
the stipulation as an essential part of the contract, a
compliance with which precedes the vendee's obliga-
tion to receive the goods, but if he receives them in
discharge of the contract, after having inspected them,
or after having had a fair opportunity to inspect them,
the terms of the contract are complied with, and he
has no action on account of the fact that the goods
are not as stipulated, saves the rights of all parties.
Of course, this rule supposes that there is no fraud,
and that the vendee has had an opportunity to inspect
the goods.

It is true there are many States that hold such stip-
ulations to be warranties, and that fact was doubtless
known to the members of this court at the time the
decisions mentioned were rendered; but nevertheless,
they chose to hew out the more equitable rule, re-
gardless of those high opposing authorities.    Besides,
as there is scarcely any uniformity of decision among
the several States upon the same subject, many some-
times deciding one way and only a few the other, if

we were to undertake to overrule our repeated and of long-standing decisions to make a rule to conform to what is supposed to be the rule of the majority of the States, we would find ourselves overturning many long-standing legal land-marks of this State. Besides, instead of this State having an appellate court, some other State would practically fill that position for us. Which one should it be?

The judgment is affirmed.