CASE 37—ACTION FOR BREACH OF CONTRACT—OCT. 19.

# Munford & Co. v. Kevil & Sons.

### APPEAL FROM CALDWELL CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFFS APPEAL. REVERSED.

SALES—FAILURE OF GOODS TO ANSWER DESCRIPTION—WAIVER OF DE-FECTS.

Held: 1. Where a contract for the sale of wheat of a certain de-scription became executed by the payment of the contract price and the delivery of the bill of lading before the wheat reached the place of delivery, the buyer, by receiving the wheat when it arrived, did not waive his right to recover damages for the failure of the wheat to answer the description, having had no opportunity to inspect the wheat before the title vested by the delivery of the bill of lading.

2. Where goods sold by description are not of the quality represent-ed, there is a breach of the contract.

HODGE & HODGE, ATTORNEYS FOR APPELLANTS.

### CLASSIFICATION OF POINTS AND AUTHORITIES.

1. The sale of the wheat by description, as No. 2 red wheat, paid for without an opportunity to inspect, relying upon the vendor's knowledge and opportunity to know the quality of wheat sold, constitutes a warranty. Am. & Eng. Ency. of Law, vol. 28, 763, 776; Baird, Miller & Baldwin v. Mathews, 6 Dana, 135; McClintock V. Emmack, Stoner & Co., 87 Ky., 160; Chicago Packing & Provision Co. v. Tilton, 87 Ill., 547; Brigg v. Hilton, 99 N. Y., 517; Drew v. Edmunds, 6 New Eng. Rep., 855; 60 Vt., 401; Ormsby v. Budd, 72 Iowa, 80.

2. The appellees being non-residents of the State of Illinois the ap-pellants would not be compelled to reject the wheat and look to the non-resident's vendor to repay the purchase money. Car-ter v. Stennett & Eason, 10 B. Mon., 254; The National Oak Leather Co. v. The Armour Cudahy Packing Co., 18 Ky. Law Rep., 499; Cox v. Long, 69 N. Car., 7.

3. The contract of sale constituted a bargain and sale, therefore exe-cuted, the law applicable to executory contracts does not apply. Benjamin on Sales of Personal Property (1868 ed.), 676 and 677.

Munford & Co. v. Kevil & Sons.

4. The selection of goods by one party, and the adoption of that act. by the other, converts that which was before an agreement to sell into an actual sale, and the property passes thereby. Benjamin on Sales (4th ed.) sec. 358; The Kentucky Refining Co. v. Globe Refining Co., 20 Ky. Law Rep., 778; Forcheamer v. Stewart, 65 Iowa, 564; s. c. 54 Am. Rep., 30 to 35.

5. The acceptance and payment of the drafts, and the delivery of the bills of lading for the wheat to the appellants, was an adoption of the acts of the appellees in selecting the wheat, and was a constructive delivery of the wheat, and the same law applies, as the actual delivery under similar circumstances. Canadian Bank of Commerce v. McCrea, 106 Ill., 111.

WILLIAM MARBLE, ATTORNEY FOR APPELLEES.

## CLASSIFICATION OF POINTS AND AUTHORITIES.

1. By amending after demurrer sustained, party waives exception to the ruling of the court. 1 Ency. Pl. & Pr., p. 624 and note 4.

2. Demurrer admits only such alleged facts as are material, relevant, well pleaded and not contradicted by exhibits. 6 Ency., Pl. & Pr., p. 334; Bliss on Code Pleading, p. 638; 14 B. M., 213 & 254; 93 Ky., 537.

3. Facts admitted must be taken against pleader as well as for him. 6 Ency., Pl. & Pr., p. 336.

4. Distinction between warranty and a condition pointed out: Warranty is a collateral undertaking. A condition is a part of and the basis of the contract. Benj. on Sales, sec. 610; Tiffany on Sales, p. 150; Jones Bros. v. McEwan, 91 Ky., 373.

5. This distinction is vital here, for warranty survives acceptance of the goods after inspection, while "condition" does not. 1 Beach on Contracts, p. 340, sec. 270 and note 2; Benj. on Sales (the text), 4 ed., secs. 600 to 609; McConnell v. Jones, 19 Ind., 328; Pottlitzer v. Wesson, 8 Ind. App., 472; Studer v. Bleistein, 5 L. R. A., 702, 706; Jones Bros. v. McEwan, 91 Ky., 373; Dana v. Boyd, 2 J. J. M., 594; O'Bannon v. Relf, 7 Dana, 320; Kerr v. Smith, 5 B. M., 353; Overman v. Nelson, 15 Ky. Law Rep., 92 Sup. Ct.; Mattingly v. Mathews, 14 Ky. Law Rep., 300, Sup. Ct.

6. In case at bar there was a condition not a warranty and appellants having inspected, received and sold the wheat, thereby accepted the wheat and waived their right to object to its quality.

7. Contract by telegram is a written contract, 93 Am. Dec., 511 and 41 Am. Rep., 121, and when it contains no warranty parol evidence is inadmissible to show a warranty. Benj. on Sales, sec. 621.

8. After making of the contract any new contract giving a warranty must be supported by a new consideration.

9. The purchaser was not bound to pay until the wheat was delivered and if he did so he did so voluntarily, and if receiving the bills of lading at that time passed the title to him before the arrival of the wheat and before he inspected he must be deemed to have then accepted the wheat and waived all objections.

10. But it is denied that in this case the transfer of the bills of lading to the purchaser before the arrival of the wheat transferred the title to the wheat before it arrived at its destination.

11. The seller was to deliver in Chicago, the title and risk remained with him until then. Benj. on Sales, sec. 693; Sneathen v. Grubbs, 88 Pa., 147; M'Neal v. Brown, 53 N. J. L., 617; Allis v. Voigt, 90 Mich., 125; Taylor v. Cole, 111 Mass., 363; Murray v. Nichols, 34 N. Y. S. R., 62; Devine v. Edwards, 101 Ill., 138; A. J. Neimeyer L. Co. v. Burlington, &c., 40 L. R. A., 534.

12. *Ordinarily* the indorsement and delivery of a bill of lading transfers the title, but that rule is not universal, and is governed by the *intention* of the parties and parol proof may be heard as to intention. Newsom v. Thornton, 6 East, 41; Tiffany on Sales, p. 105; Freeman's note to Chandler v. Sprague, 38 Am. Dec., 417, 418; 21 Am. & Eng. Ency. Law, 508 (text).

13. In this case although bill of lading was transferred to purchaser before arrival of the wheat there was no intention to pass the title and the title did not pass until the wheat arrived at Chicago, was delivered, inspected and received by purchaser. The sale remained executory until then.

Opinion of the Court by JUDGE PAYNTER—Reversing.

The appellants live in and are engaged in business in, Chicago, and the appellees live in, and are doing business at, Princeton, Ky. On May 3, 1898, the appellees, Kevil & Sons, sent appellants, Munford & Co., a telegram as follows: "Make offer one car number two wheat f. o. b. track Chicago." On the same day the appellants responded in a telegram as follows: "Bid dollar nineteen track Chicago two red—prompt shipment." The appellees responded by telegram as follows: "Accept your offer on one car two red." On May 5, 1898, the appellants wired appellees: "Offer dollar twenty-five track Chicago two red wheat." On same day the appellees responded by wire: "Offer you twelve hundred bushels two red one twenty-

eight f. o. b. Chicago; answer quick,"—to which the ap-
pellants responded: "Accept the wheat; ship in quick."
It will be observed that a car load of No. 2 red wheat was
agreed to be shipped by appellees to appellants on May
3d at price stated in telegram, and that 1,200 bushels of
No. 2 red wheat, at price stated in telegram, was con-
tracted for on May 5th. The wheat was shipped to Chi-
cago, to be delivered to the consignors, the appellants.
In the meantime the appellees drew a draft on the ap-
pellants for the price of the wheat, and forwarded it
through their banker at Princeton to Chicago, with direc-
tion to deliver the bill of lading to the appellants on the
payment of the draft. Under the contract, the wheat was
to be delivered f. o. b. Chicago, and the title to the prop-
erty would have remained in the appellees until it reached
its destination, but they chose to draw on the appellants
for the price of the wheat, which draft was paid, and the
bill of lading delivered, and the title to the wheat at that
moment vested in the appellants. When the wheat ar-
rived at Chicago, an inspection of it, according to the alle-
gations of the petition—and they are taken as true on
demurrer,—showed that it was not No. 2 red wheat, but
a cheaper grade, being several cents less in value on the
bushel. This action was brought by the appellants against
the appellees to recover the difference between the value
of No. 2 red wheat and the kind that was delivered by the
appellees. The court below sustained a demurrer to the
petition, presumably, from argument of counsel for ap-
pellees, because it was of the opinion that there was no
warranty; that it was essential there should have been one
to entitle plaintiffs to recover; that, as the appellants had
received the wheat in compliance with the contract made

by appellees, they waived any defects in the wheat, and can not recover damages by reason of its inferior quality.

The rule in this State is that, where there is a contract to deliver goods or chattels of a particular description or quality, at a future day, and the vendor tenders goods not of the agreed description or quality in discharge of the contract, and the vendee, after inspecting them, or after having had a fair opportunity to do so, receives them in discharge of the contract, he can not thereafter maintain an action against the vendee to recover damages for the defects in the description or quality. The stipulation that goods of a certain description or quality are to be de- livered is made an essential part of the contract, which must be complied with by the vendor as a condition pre- ceding the obligation of the vendee to receive the goods and pay for them; and, if the goods are not of the de- scription or quality described, the vendee has the right to reject them, and hold the vendor responsible in damages; but if he inspects the goods, or, after having had a fair op- portunity to do so, received them in discharge of the con- tract, although they are not of the description and quality sold, he waives their defect by their acceptance, and is not entitled to recover damages. Jones v. McEwan, 91 Ky., 376, (16 S. W., 81), (12 L. R. A., 399). In this case the contract seems to have become executed by the payment of the contract price and a delivery of the bill of lading before the goods reached the place where they were to be delivered. The wheat was not inspected, nor did the ap- pellants have an opportunity to do so before it reached Chicago. The vendees found themselves in this dilemma: Their vendors lived in another State. They had the con- tract price of the wheat, and they had on their hands the wheat of inferior quality to that which the vendors agreed

to deliver to them. Had the appellees waited until the
wheat arrived at Chicago before collecting the purchase
money, then appellants would have had an opportunity
to inspect it, and reject it, if it was not of the charac-
ter required to be delivered by the terms of the contract.
The wheat was in Kentucky when the contract was made,
and, of course, could not be inspected. Besides, under
the terms of the contract, it was subject to inspection
in Chicago. The contract of sale was by description, and
the description, from the nature of the transaction, must
be obligatory upon the party making it, and did enter
into the contract as an essential term of the sale. In
Baird v. Matthews, 6 Dana, 133, the court said: "But
there is an obvious distinction between such a case and
an executory contract for the sale of a chattel, or a con-
tract of sale not executory in form, but which, on account of
the absence of the article sold, and its being not immedi-
ately accessible, leaves the actual delivery still to be
made. In such a case, the article itself not being present,
or subject to inspection, the sale is necessarily made
by a description, more or less minute, to be furnished on
the part of the vendor. If the vendee be previously ac-
quainted with the individual article, nothing more than
an identification of that article may be included in the
description or in the terms of the contract. But if he
be not acquainted with it, and there be no opportunity
of inspection, a description more extensive and specific
would probably be required. In all cases where the sale,
whether wholly executory or only so in respect of the
actual delivery of the article, must necessarily be by de-
scription, the description itself, whether parol or written,
must, from the nature of the transaction, be, to a rea-
sonable extent, obligatory upon the party making it, and

enter into the contract as an essential term of the sale. In other words, there must, in such cases, be a substantial conformity between the article delivered and the description by which it is sold, or the vendor will have broken, not merely his word, but his contract." The appellants had no opportunity to inspect the wheat before the contract was changed, by the acts of the parties, from an executory to an executed contract. When the appellees drew on the appellants, and forwarded the bill of lading, they, in effect, proposed to change the contract as to the place of delivery of the wheat, and the payment of the draft and the delivery of the bill of lading was an acceptance of the proposition. This change was made with all the consequences which the law imposed on the parties by the contract as changed. They did not have an opportunity to inspect the wheat until it reached Chicago, and, in our opinion, it can not be held that they accepted it in discharge of the contract. If the wheat was not of the description and quality represented, then they are entitled to recover such damages as they sustained by reason thereof. The judgment is reversed for proceedings consistent with this opinion.