CASE 30.—ACTION BY THE MILFORD SHOE COMPANY
AGAINST WEBB & PRESTON UPON AN ACCOUNT
FOR THE PRICE OF A BILL OF SHOES.—March 4.

# Webb & Preston v. Milford Shoe Co.

Appeal from Johnson Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiff, defendant appeals—Reversed.

Sales—Breach of Warranty—Right to Set-Off in Action for Price.
—Plaintiff sold defendant boots and shoes by sample by
falsely representing that the sample was of leather, and
that the goods to be delivered were of the same quality as
the sample. Defendant could not and did not discover that
the goods were not according to representations until they
had been worn by his customers, when he notified plaintiff
of the fact. Held, that defendant, in an action for the price
of the goods, could use the breach of warranty as a defense
by way of set-off.

VAUGAN HOWES & HOWES for appellant.

We contend we could either upon ascertaining the fraud in
the sale of the shoes, have returned the goods and sued the
appellee for the amount of our payment and damages, or could
keep the goods and recover damages for the fraud. (See Am.
& Eng. Encyc. 2 Ed., vol. 14, pages 167,168.)

"A purchaser of goods may retain the goods and still recover
damages for fraud on the part of the seller by which he was
induced to make the purchase." (See also 10 Ind., 430 and 4
Mass., 502.)

WELLS & WELLS for appellee.

Webb & Preston v. Milford Shoe Co.

### SYNOPSIS.

1. The rules of law regulating and governing the buying and selling of goods by sample and order to be delivered.

2. Purchaser of goods must inspect within the time set or within a reasonable time and return or offer to return goods.

3. Positive representations are equivalent to warranties and goods thus bought and retained beyond a reasonable time cannot be returned and purchaser must pay the agreed price.

4. Answers, counter-claims and set-offs must state these requirements or they are not good and a demurrer should be sustained to them.

### AUTHORITY CITED.

Nicholls & Sheppard v. Caldwell, 80 S. W., 1099; Yeiser v. Russel, 83 S. W., 574; Vogel v. Moore, 84 S. W., 557; Dinwiddie & Co. v. Nash, 86 S. W., 517; Walter Pratt Co. v. W. C. Morris & Co., 87 S. W., 783; Davis v. J. J. Cushing Machine Co., 80 S. W., 1145; Bantam v. Bennet Coal Co., 39 S. W. 252.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellee instituted this action against appellant, a corporation, upon an account for $1,273.45, the purchase price of a bill of shoes sold and delivered appellant, credited by the sum of $402.50, paid June 1, 1907. Appellant answered, denying that it owed $881,18, the balance of the account sued on; but did not deny that it had received the goods. In the second paragraph it alleged that on the ——— day of ———, 1907, it purchased of appellee, by sample, the boots and shoes referred to in the petition; that at the time of the purchase appellee and its agent falsely and fraudulently represented to it that the boots and shoes were of the best quality, were made of leather and in a workmanlike manner, and of as good quality as the sample shown appellant, which was of leather; that it relied on this representation, and was thereby

induced to purchase the boots and shoes; that if it had not been for this representation, it would not have made the purchase; that in truth and in fact the boots and shoes were not of the best quality, nor as good as the sample shown it, nor of leather or made in a workmanlike manner, all of which facts appellee well knew at the time of making the aforesaid representations. It further alleged that the boots and shoes were not of the value of more than one-half the sum charged in the petition, and that it made the payment of $402.50 before it knew of the inferior quality of the boots and shoes, and before it knew that the representations made by appellee were false and fraudulent. The court sustained a demurrer to this answer; and it filed an amended answer, in which this language occurs: "It further states that it relied upon the representations made by the plaintiff and its agents at the date of the purchase of the said goods, and believed that said goods would be as represented by its agent at the date of the purchase by sample, as stated in defendant's original answer, counterclaim, and set-off herein, and for that reason, and that reason alone, it took no steps to test the goods when received by it, and could not and did not find out the inferior quality of said goods until the same had been worn by its customers and reported to it." It further stated that immediately after finding out that said goods were not as represented it notified appellee, and even returned a pair of the shoes that had proven unsatisfactory. The court also sustained a demurrer to this amended answer. By appellee's demurrer to the pleadings of appellant, it admitted as true all the facts alleged therein. It admitted that it sold to appellant, by sample, the bill of goods sued for; that it falsely represented that the

Webb & Preston v. Milford Shoe Co.

sample was of leather, and that the goods to be delivered were of the same quality; and that it knew, at the time, that the boots and shoes to be shipped, and were shipped, were not of that quality and were not of leather, and that appellant relied upon the truth of the representations and statements so made by appellee; that appellant could not and did not find out the inferior quality of the goods until the same had been worn by its customers; and that, after finding out that the goods were not as represented, it notified appellee of that fact.

In the case of Cook v. Gray, 2 Bush, 121, this court quoted with approval from the case of O'Bannon & Co. v. Rolfe & Bledsoe, 7 Dana, 320, as follows: "There is a material distinction between a warranty of a chattel on an executed sale and a warranty that articles to be manufactured and delivered in future shall be of a particular quality. In the former case the purchaser has the right to rely upon the warranty without examination or inspection of the article, and therefore may return the article or sue for the breach of warranty, or use it as a defense by way of recoupment; whereas, in the latter case, if he should receive the article, he thereby furnishes conclusive evidence to the warrantor that the article is of the quality covenanted to be delivered." The case of Gregg v. Woods, 3 Ky. Law Rep. 526, is one where the purchaser sued the seller of a horse for an alleged breach of warranty that the horse sold was gentle, safe, and a good harness horse; and also alleged the fraudulent concealment, by the seller, of the unsoundness of the horse. The court said, upon the first ground, that it was not necessary for the plaintiff to show the defendant knew the horse was not sound, as he warranted him to be. "Nor was it necessary, in order to

recover damages upon the second ground for him to have tendered the horse back and demanded a rescission of the contract.'' The case of Jones Bros. v. McEwan, 91 Ky. 373, 12 Ky. Law Rep. 966, 16 S. W. 81, 12 L. R. A. 399, was where appellee therein sold and delivered to appellants wheat which was to grade No. 2 in Newport News. Appellants received the wheat, and afterwards sued appellee for the difference in the value of No. 2 wheat and the inferior quality of wheat which was delivered to them in Newport News. The court in that case said: ''If the goods tendered in discharge of the contract do not come up to the terms of it as to description or quality, vendee has the right to reject them and hold the vendor responsible in damages; but if he, after having inspected them, or after having a fair opportunity to do so, receives them in discharge of the contract, although they do not, as to description or quality, comply with its terms, he thereby waives their defects, and he cannot recover damages on account of them.'' Appellee's counsel relies mainly upon this case, and other cases in line with it, to support the action of the lower court; but, as said in the case of Ewing v. Hauss, 50 S. W. 249, 20 Ky. Law Rep. 1883, this case applies when the vendee knows, or has an opportunity to know, the quality of the goods when he receives them.

In the case at bar it is admitted by appellee that appellant did not know, and could not have known, of the defects in the boots and shoes sooner than it did discover them, which was in June, 1907, at which time it notified appellee thereof. This may appear to the ordinary mind unreasonable, but nevertheless this appellee admits to be true; and it may be that appellant could not have discovered that the boots and shoes were not of leather until after they had been used

by its customers, unless it had cut and destroyed a few pairs to ascertain the material of which they were made, and this they were not required to do. Appellee's counsel also relies on the case of Vogel v. Moore, 84 S. W. 557, 27 Ky. Law Rep. 94, as in point. The facts of this case are unlike those in the case at bar. A contract is alleged in that case to the effect that if Moore received the goods and found that they were defective, and not as represented, he should return them and receive other goods in lieu of them. The contract expressly required this thing, and he failed to do so. Consequently he had no cause of action.

We are of the opinion that the lower court erred in sustaining the demurrer, and the judgment is reversed and remanded for further proceedings consistent herewith.