## Lykens v. Bowling & Lawson.

(Decided May 11, 1920.)

### Appeal from Carter Circuit Court.

1. Pleading—Demurrer to Counterclaim.—A counterclaim filed in an action brought for the recovery of the price of goods sold and delivered, is subject to demurrer where it merely avers that the

goods were defective, rotten and full of worms, but admits that the defendant received the goods in discharge of a contract and sold and disposed of them.

2.   Contracts—Delivery of Inferior Goods—Damages.—One who receives goods in discharge of a contract to deliver a given quality cannot have an action for damages because an inferior grade of goods was delivered, if the inferior consignment was received in discharge of the contract.

DYSART & CALDWELL for appellant.

WAUGH & VINSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Lykens sold one hundred barrels of flour to Bowling and Lawson, retail merchants at Hitchins, Kentucky, at the price of $1,300.00, and Bowling and Lawson paid Lykens $1,050.00 on the purchase price. Some months later Bowling and Lawson having failed and refused to pay the balance, $250.00, Lykens brought this action against them to recover for the goods sold and delivered to them.

Bowling and Lawson answered that the transaction grew out of a contract between them and the plaintiff Lykens for flour "to be sold and delivered to them at Hitchins, their place of business, and that by the terms of this contract plaintiff sold to them and agreed to deliver to them a carload consisting of 100 barrels of a good grade of flour known as Dewey's best; that when said flour came it was an inferior flour, of a very bad grade, called trinco, rotten and full of worms; that they refused to use the flour until they had communication with the plaintiff, and he told them to go ahead and do the best they could with it and they did sell some of it under his directions; and that because of the fact that it was of such an inferior grade and so full of worms, they were compelled to and did sell this flour out at a loss and a damage to their trade and that by the failure of plaintiff to comply with his said contract and ship them the flour they bought and in order to supply their trade they were compelled to sell this shoddy flour at a small price and were by such failure damaged in the sum of one thousand dollars."

Plaintiff filed demurrer to this paragraph of the answer which the court overruled and sustained the answer. Issue was joined by reply to second paragraph of

the answer. A trial was had resulting in a verdict and judgment for the defendants, Bowling and Lawson. Lykens prays an appeal.

As the amount in controversy, so far as appellant is concerned, is only $250.00, we would not entertain the motion for an appeal in this case nor grant it, except for the flagrant violation of the rights of the plaintiff by the trial court in overruling his demurrer to the second paragraph of the answer, averring that the flour delivered was not of the quality and brand purchased by appellees. This paragraph of the answer to which the demurrer was overruled, did not present a defense to plaintiff's petition, nor was it sufficient to sustain the counterclaim of appellees against Lykens. While it alleges that the flour was of an inferior grade, rotten and full of worms, it admits that the defendants received the flour and sold it out after discovering its bad quality. This the appellee was not entitled to do. The rule is that where there is a contract to deliver goods of a particular description or quality at a future date, and the vendor tenders goods not of the agreed description or quality, in discharge of the contract, and the merchant after inspecting them or after having had a fair opportunity to do so, receives them in discharge of the contract, he cannot thereafter maintain an action against the vendor to recover damages for the defects in the description or quality. Dana v. Boyd, 2 J. J. Mar. 594; Obannon v. Relf, 7 Dana, 320; Kerr v. Smith, 5 B. M. 553; Jones Bros. v. McEwan, 91 Ky. 377; Forsythe v. Russell Co., 148 Ky. 492; Caldwell & Drake v. Cunningham, 162 Ky. 275.

If the goods which are tendered in discharge of a contract do not come up to the terms of it as to description or quality, the merchant has the right to reject them and hold vendor responsible in damages. If after having inspected them, or after having had a fair opportunity to do so, the merchant receives them in discharge of the contract, although they do not, as to description or quality, comply with its terms, he thereby waives all defects and he cannot recover damages on account of the inferior quality.

The answer in this case alleges the goods were not of the quality purchased, but if Bowling and Lawson received the goods in discharge of the contract even though not of the quality purchased, they have no ground of

complaint and cannot maintain a counterclaim in a suit to collect the purchase price. Neither does the allegation "he (Lykens) told them to go ahead and do the best they could with it and they did sell some of it (flour) under his directions," show that appellant Lykens had agreed to adjust or compromise the difference with appellees, or to make a deduction in the price of the flour. Perhaps the pleader on the facts could have made the counterclaim good, but he did not do so, and was not entitled to introduce evidence showing the defective quality of the flour.

The demurrer to the second paragraph of the answer should have been sustained and leave given to appellees to amend. The appeal is granted. On a return of the case for a new trial, the parties should be allowed to amend their pleadings and plead to an issue.

Judgment reversed for proceeding not inconsistent with this opinion.