## Young v. Wallace.

(Decided November 16, 1923.)

### Appeal from Estill Circuit Court.

1. Sales—No Recovery of Damages or Deductions After Inspection and Acceptance.—If a purchaser of coal, after inspection or reasonable opportunity therefor, accepts and appropriates it to his own use, he is liable for the contract price and cannot claim damages or a deduction from the price for a breach of warranty, implied or expressed.

2. Sales—Inspection, How Accomplished.—The right of inspection necessarily carries with it the right to do things without which it cannot reasonably and efficiently be accomplished.

3. Sales—Inspection of Coal Through Car Slats Insufficient.—Where coal was shipped in closed cars of the kind usually employed for shipping cattle, only permitting the purchaser, to look at the coal through the car slats could not possibly have afforded a fair opportunity for inspection.

4. Sales—Retention of Shipment Held to Bar Right to Damages or Deductions for Breach of Warranty.—That purchaser of coal was required by carrier to pay freight before unloading it, without being afforded a fair opportunity for inspection, did not entitle him to damages for breach of warranty, where he retained the

coal and appropriated it to his own use, after he had unloaded the same and knew perfectly just what it was.

PETER, LEE, TABB & KRIEGER and RIDDEL & SHUMATE for appellant.

W. L. WALLACE and R. W. SMITH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee purchased of appellant twelve cars of run of mine coal, to be delivered in October and November, 1918. The coal was delivered by appellant and received by appellee in due time, but only the first two cars were paid for. This action was instituted to recover, at the contract price, $1,381.59, for the remaining ten cars.

The defense offered was that the coal was not run of mine, as agreed, and that same was worthless. Upon a trial, plaintiff recovered a verdict and judgment for $850.00, and he has appealed.

Complaint is made of the court's refusal to direct a verdict for plaintiff for the full amount of his claim, and being convinced of the merit of this contention, we need not refer to other errors assigned.

The rule is well settled in this state that if the purchaser, after inspection or reasonable opportunity therefor, accepts and appropriates to his own use merchandise contracted for, he is liable for the contract price and cannot claim damages or a deduction from the purchase price for a breach of warranty, implied or expressed. Kerr v. Smith, 5 B. Mon. 552; Jones Bros. v. McEwan, 91 Ky. 373, Bannon v. St. Bernard Coal Co., 18 Ky. L. R. 1050; Nelson & Bro. v. Overman & Shrader, and Overman & Shrader v. Nelson & Bro., 19 Ky. L. R. 161; Yeiser v. Russell, 26 Ky. L. R. 1151; Duckwall v. Brooks, 23 Ky. L. R. 1459; Vogel v. Moore, 27 Ky. L. R. 94; Gregory v. Weller, 116 S. W. 247; Rice v. Pulliam, 141 Ky. 10; Forsythe v. Russell, 148 Ky. 490; Columbia Malting Co. v. Glenmore Dist. Co., 150 Ky. 229, 150 S. W. 53.

The matter is viewed differently in some jurisdictions, and counsel for appellee have cited several such cases to sustain their theory of the law of this case, but our rule is too firmly established to permit a departure therefrom upon less than very clear and convincing proof of its error, which is not presented.

Besides, the lower court's action in refusing to direct a verdict for plaintiff was not based upon the theory that our rule is wrong, but, as appears from the instructions given, because of the opinion that it was a disputed question of fact as to whether reasonable opportunity for an inspection had been afforded before acceptance of the coal by defendant. In this we think the court was in error, resulting from a misconception of what constituted an acceptance, or rather when it was made.

The coal was shipped in closed cars of the kind usually employed for shipping cattle, and there was much evidence as to whether or not the defendant could ascertain through the car slats the character of the coal. He was required by the carrier to pay the freight before unloading the coal, and the case was submitted to the jury upon the question of whether or not defendant had a fair opportunity of inspecting the coal before he paid the freight and unloaded the cars. This, however, is not the test of an acceptance. The right of inspection necessarily carries with it the right to do those things without which it cannot reasonably and efficiently be accomplished. Gregory v. Weller, 116 S. W. 247; Duckwall v. Brooks, 23 Ky. L. R. 1459; Kerr v. Smith, 5 B. Mon. 552; Mechem on Sales, Section 1378; Williston on Sales, Section 475; Munford v. Kevil & Sons, 109 Ky. 246, 58 S. W. 703.

Defendant not only unloaded the coal after such an inspection as was possible through the car slats, which, in our judgment, could not possibly have afforded a fair opportunity for inspection, but, according to all of the evidence, he retained the coal and appropriated it to his uses after he had unloaded same and knew perfectly just what it was. It was wholly immaterial therefore whether or not he had a fair opportunity for inspecting the coal before paying the freight and unloading it, and, as he certainly elected to and did accept it without offering to return it after every opportunity of knowing and after he knew all about it, a verdict should have been directed for plaintiff as requested.

Wherefore the judgment is reversed, and the cause remanded for another trial consistent herewith.