### Brown v. Price, et al.

(Decided January 27, 1925.)

#### Appeal from Warren Circuit Court.

1. Sales—Coal Accepted, if Barges were Point of Delivery when Buyers Moved them Away.—In contract for sale of coal, if buyers' barges were point of delivery, buyers accepted coal under con-

tract when they hooked onto barges loaded therewith, and transported them up river to a point several miles away.

2. Sales—Contract Consummated when Dominion has been Exercised Over Goods by Purchaser by Removing them from Place of Delivery.—When goods are received in discharge of a contract, and dominion has been exercised over them by purchaser by removing them from place of delivery, contract is consummated, for removal of goods from place of delivery is an acceptance, especially where buyer has an opportunity to inspect the goods.

3. Sales—Buyers Held Liable for Price of Coal, Notwithstanding Defects where they had Full Opportunity to Examine Before Removing from Place of Delivery.—Buyers were liable for price of coal sold to them, notwithstanding that its quality did not measure up to contract requirements, where they had full opportunity for examination before they removed it from place of delivery.

W. B. GAINES, W. R. GARDNER and SMITH & BARNES for appellant.

THOMAS, THOMAS & LOGAN and M. L. HEAVERIN for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

This litigation was commenced by appellee Price against appellant, Fox Brown, in the Warren circuit court, in November, 1922, on a verbal contract between Brown on the one side and Price and Hamilton on the other, for the purchase of slack coal at the price of ten (10c) cents per bushel, it being alleged by Price in his original petition that such a contract was made between them, and that pursuant to it he had advanced Brown the sum of $300.00 and that the slack furnished by Brown was old and worthless; that in towing the coal in barges from the place of delivery to Bowling Green, the place of business of appellee Price, he had expended $400.00, and these sums he sought to recover. He also averred that if appellee Brown had furnished slack coal in accordance with the contract that he (Price) could and would have made a profit of $400.00 on the two barges of coal. Appellant Brown answered and admitted that he made the contract, but denied the averments of the petiton with respect to the quality of the coal, and later filed an amended answer in which he pleaded the coal was of the quality sold and contracted to be delivered, and by way of counterclaim averred he was entitled to recover the bal-

ance due on 10,000 bushels of coal at ten cents (10c) per bushel, being $700.00. In a reply filed by Price, in which Hamilton joined as party plaintiff, it is averred "that just prior to the 16th day of August, 1922, the plaintiff, Rhea G .Price, made a contract with the defendant, at defendant's solicitation, for two barges of new slack as *set out in plaintiff's petition*, at the sum of ten cents (10c) per bushel, the weight to be determined and governed by railroad weights, and that in pursuance to said agreement the defendant, Fox Brown, did furnish two barge loads of slack, but it was old slack, unfit for use and unmarketable in every respect." In the original petition it is averred that "on or about the — day of October, 1922, this plaintiff purchased of the defendant, Fox Brown, two barge loads of fresh slack coal to be delivered on barges at or near Mining City, on Green river, in Butler county, Kentucky; that the agreed price of said coal was ten (10c) cents per bushel; that in pursuance of said contract of purchase this plaintiff advanced to said defendant on the purchase price before said coal was delivered or attempted to be delivered, the sum of $300.00."

A jury trial was had resulting in a verdict for the plaintiffs, Price and Hamilton, in the sum of $700,00, being the $300.00 advanced and the $400.00 expended in towing the coal from place of delivery to Bowling Green.

We have examined the evidence with great care and find there is a sharp conflict in it as to the inspection of the coal by the purchasers at the place of delivery. Appellant Brown insists, and introduces evidence to prove, that the purchasers sent their agents to examine the coal before it was loaded and that he pointed out the coal to them and it was declared satisfactory; that later when the coal was being loaded one of the purchasers and some of his agents were present and saw and examined the coal and made no objection to its quality. On the other hand, the purchasers say that they notified appellant Brown that the quality of the coal was not satisfactory at the time he was loading it and that it would not be accepted. Notwithstanding this conflict, we think the case is of easy solution upon the pleadings. According to the averments of the original petition the coal was to be "delivered on barges at or near Mining City, on Green river, in Butler county, Kentucky," which was near the mine and the place where the coal was actually delivered

on barges. The reply, as will be seen, reaffirms the averments of the original petition, for it is alleged that the plaintiffs bought of the defendant "two barges of new slack, as set out in plaintiffs' petition." In the petition plaintiffs did set out the contract, as we have seen, which shows that the delivery of the coal was to be on the barges on Green river in Butler county. The pleadings of appellant Brown are to the same effect. If that was the point of delivery, then appellees, Price and Hamilton, accepted the coal under the contract when they hooked on to the barges loaded therewith and transported them up the river to Bowling Green, several miles away. When goods are received in discharge of a contract and dominion has been exercised over them by the purchaser by removing them from the place of delivery, the contract is consummated, for the removal of the goods from the place of delivery is an acceptance, especially where the buyer has an opportunity to inspect the goods. That purchasers in this case had a fair opportunity to make an inspection is thoroughly established by the evidence. The barges were open and the coal could be plainly seen. In fact, some of the witnesses for the appellees, purchasers, testified they saw the coal and examined it at the place of delivery before it was moved. Whether they actually examined the coal at the point of delivery is not important in this case for it is admitted that the purchasers had full opportunity to do so before they removed it from the place of delivery. In either case they are liable for the price of the coal. Lykens v. Bowling & Lawson, 188 Ky. 137; Noel & McGinnis v. Kauffman Buggy Company, 106 S. W. 237; Mattingly v. Matthews, 14 R. 300; Gregory Vinegar Co. v. Weller, etc., 116 S. W. 247.

Under the state of the pleadings and the proof appellant Brown was entitled to a peremptory instruction as moved for by him, and the court was in error when it overruled his motion.

For the reasons indicated the judgment is reversed for new trial consistent herewith.

Judgment reversed.