## City of Owensboro v. Kelley, et al.

(Decided February 24, 1925.)

Appeal from Daviess Circuit Court.

Sales—City Mixing Coal Delivered with Other Coal, and Consuming Practically All with Knowledge of Impurities, Cannot Recover for Breach of Warranty.—City discovering by inspection that coal delivered to it did not comply with warranty, but mixing it with other coal and consuming practically all, could not recover for breach of warranty; rule in sales of machines, which must be tested to determine whether they comply with warranty, being inapplicable.

LA VEGA CLEMENTS, CLEMENTS & CLEMENTS and BEN D. RINGO for appellant.

HEAVRIN & MARTIN and MILLER & ROWE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Owensboro, a city of the third class, owns and operates an electric light plant. In the month of July, 1922, it purchased from A. H. Kelley and Fount Crowe three carloads of coal at the price of $6.50 per ton, to be used in the operation of its plant. The coal was delivered on Friday night. The next day two of the cars were unloaded by shoveling the coal into a conveyor from which it was dumped into the coal bin at the plant. On complaint of the city, the sellers took back the car of coal that had not been unloaded, and offered to take back the remainder of the coal, but the city was unable to return it because it had been mixed with other coal, and practically all of it had been consumed. Being unable to adjust the matter, Kelley and Crowe brought suit against

the city to recover the sum of $732.22, the contract price of the two carloads of coal that had been delivered, received and consumed. The city counterclaimed for damages on the ground that the coal, which was warranted to be good, fresh mined, merchantable coal, suitable for burning in its furnace at the electric light plant, was full of sulphur and other impurities, and wholly unsuitable for that purpose. It afterwards offered an amended answer and counterclaim, pleading more fully the breach of warranty, but the court refused to permit it to be filed. At the conclusion of the evidence for the city the court directed the jury to find in favor of plaintiffs. The city appeals.

It is the contention of the city that the representations of the sellers as to the quality and fitness of the coal amounted to a warranty, and that it had the right to retain the coal and recover by counterclaim for the damages which it sustained. The rule regulating the sales of engines and machines, which must be tested in order to determine whether or not they comply with the warranty, is not applicable. Here, the article sold was coal, and the rule governing the sale of goods and merchandise controls. Though the courts of some other states take a different view of the question, no principle of law is better settled in this jurisdiction than that if a purchaser of merchandise after inspection, or reasonable opportunity for inspection, accepts and appropriates it to his own use, he is liable for the contract price and can not claim damages, or a deduction from the price, for a breach of warranty, express or implied. Young v. Wallace, 201 Ky. 30, 255 S. W. 856, and cases cited. While unloading the coal the officers and employes of the city not only had an opportunity to inspect it, but actually detected impurities and saw that it did not comply with the warranty. With this knowledge, they placed the coal in the bin, mixed it with other coal, and consumed practically all of it in the operation of the engine. Therefore, it was not entitled to recover on its counterclaim for breach of warranty, and the court did not err in directing the jury to find for plaintiffs.

This conclusion makes it unnecessary to pass on the propriety of the court's ruling in refusing to permit the amended answer and counterclaim to be filed, for we have assumed that the counterclaim for breach of warranty was properly pleaded.

Judgment affirmed.