CASE 24.—ACTION BY J. I. CASE THRESHING MACHINE COMPANY AGAINST D. E. PATTERSON AND ANOTHER.—February 10, 1910.

# J. I. Case Threshing Machine Co. v. Patterson, &c.

Appeal from Larue Circuit Court.

SAMUEL E. JONES, Judge.

From a judgment of dismissal, plaintiff appeals.— Reversed.

1. Sales—Contracts—Rescission.—A buyer who desires a rescission of the contract for defects in the goods or a failure to come up to the terms of sale must within a reasonable time after discovery of the defects or failure offer to restore the goods.

2. Sales—Contracts—Rescission.—Where a buyer of a threshing machine under a contract of warranty providing that, if it did not work properly, notice should be sent and a reasonable time given to remedy the difficulties, and that salesmen, mechanics, and experts were without authority to bind the seller, used the machine for two seasons with knowledge of defects therein, but without giving the seller any notice thereof, but making complaints to the agent who sent experts to remedy the defects, and without offering to return the machine after the end of the second season, but, instead, putting it in the woods covered by a tarpaulin, he could not rescind the contract for the defects.

3.  Guaranty—Contract—Consideration.—Where an agent of a
    seller of machinery on being notified by the seller that the
    intended buyer was insolvent agreed, in order to make the
    sale, to guarantee the purchase-money notes of the buyer
    on condition that the buyer should not know of the guaranty,
    and the condition was performed, the guaranty of the agent,
    though signed after delivery to the buyer and the deliv-
    ery of his notes to the seller, was supported by a valid con-
    sideration.

O. M. MATHER for appellant.

WILLIAMS & HANDLY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Reversing.

The J. I. Case Threshing Machine Company is a
corporation and exists under the laws of the state
of Wisconsin; its place of business being Racine,
Wis.  The appellees D. E. Patterson and J. A. Car-
ter reside in Larue county, Ky.; Patterson at the
time this cause of litigation  arose  being the local
agent of the machine company at Hodgenville, and
the brother-in-law of his co-appellee Carter.  On
July 11, 1906, the J. I. Case Threshing Machine Com-
pany sold a threshing machine to J. A. Carter,
through its local agent, D. E. Patterson, and for a
part of the purchase price J. A. Carter executed and
delivered to the company his three notes, which are
described as  follows: The first  was for $238, and
due on or before September 1, 1906; the second was
for $213 and due on or before September 1, 1907;
the third was for $213, and due on or before Septem-
ber 1, 1908.  To secure the payment of these notes
a chattel mortgage was executed and delivered by
the purchaser, Carter, to the machine company, giv-
ing it a lien on the machinery purchased, and as ad-
ditional security D. E. Patterson executed and deliv-

ered to the machine company a written guaranty, whereby he guaranteed the payment of the notes by his brother-in-law when they fell due.

This guaranty is as follows:

"Hodgenville, Ky., July 11th, 1906.

"For value received I guarantee payment of three notes, viz: One note for $238.00 dated July 11th, 1906, due Sept. 1st, 1906, int. at 6 per cent.—one note for $213.00 dated July 11th, 1906, due Sept. 1st, 1907, int. at 6 per cent—one note for $213.00, dated July 11th, 1906, due Sept. 1st, 1908, int. at 6 per cent., signed by J. A. Carter payable to J. I. Case Threshing Machine Co., and waive presentment, demand, protest, and notice of non-payment and all defenses of want of diligence in collection and bringing suit and consent to any change of securities, and that said notes may be renewed or extended from time to time (at an increased rate of interest), without notice to me, and hereby waive any right to any mortgage security held for the payment of said notes until all the indebtedness secured by said mortgage is fully paid.

(Signed)    D. E. PATTERSON.
Witness: J. K. CURRY."

The contract for the sale and delivery of the machinery is in writing, and contains the following guaranty: "It is warranted to be made of good material, and durable with good care, to do as good work under same conditions as any made in United States of equal size and rated capacity, if properly operated by competent persons with sufficient steam or horse power, and the printed rules and directions of the manufacturer intelligently followed.

"If by so doing, after trial of ten days by the purchasers, said machinery shall fail to fulfill the war-

ranty,. written notice thereof shall at once be given to J. I. Case Threshing Machine Company, at Racine, Wisconsin, and also to the agent through whom received, stating in what parts and wherein it fails to fulfill the warranty, and reasonable time shall be given the said company to send a competent person to remedy the difficulty, the purchaser rendering necessary and friendly assistance, said company reserving the right to replace any defective part or parts, and if then the machinery cannot be made to fill the warranty, the part that fails is to be returned by the purchaser, free of charge to the place where received, and the company notified thereof, and at the company's option another substituted therefor that shall fill the warranty, or the notes and money for such part immediately returned and the contract rescinded to that extent and no further claim made on the company.''

J. A. Carter, after purchasing the machine, used it in threshing wheat in Larue county during the seasons of 1906 and 1907, and tendered it back to the company in July, 1908. The company refused to receive it, and both Carter and Patterson, his guarantor, having refused to pay the notes, this suit was instituted in the Larue circuit court for a judgment upon the notes and to enforce both the mortgage and guaranty. J. A. Carter for answer pleaded a breach of the warranty, and prayed a rescission of the contract of purchase and the surrender up and cancellation of his notes. D. E. Patterson, the guarantor, adopted the defense of Carter. as to the breach of warranty, and, in addition, pleaded want of consideration for his contract of guaranty. After the issues were formed and the evidence taken, the case was submitted to the chancellor, who adjudged a

recission of the contract in favor of Carter and dismissed the petition as to both the defendants. From this judgment, the machine company prosecutes this appeal.

The undisputed facts in this case show that Carter took the machine in his charge on the 11th day of July, 1906, and used it throughout the threshing season of that year. It is true he made complaints of certain defects and the agent sent experts several times to remedy them; and, while Carter complains that the thresher did not do satisfactory work, yet he kept it throughout the season, and practically repeated the same experience with it throughout the the threshing season of 1907. He refused all the time to pay the notes which had fallen due, but he did not return or offer to return the machine until July, 1908, having left it in the woods at the foot of Muldraugh's Hill, exposed to the weather during the winter intervening between the close of the threshing season in 1907 and July, 1908. He admits that he did not give the appellant written notice, or any notice, that the machine was not working in accordance with the written contract existing between him and it. On the face of the contract of warranty, a copy of which was in the possession of appellee Carter, there was written the following stipulation: "No person has any authority to waive, alter, or enlarge this contract, or to make any new or substituted or different contract, representations or warranty. Salesmen, mechanics and experts are not authorized to bind the company by any act, contract or statement."

In the body of the contract of purchase there is the following stipulation: "No representation made by any person as an inducement to give and execute this order shall bind the company." It is proved without

dispute that Carter complained to his brother-in-law, Patterson, the local agent at Hogdenville, that the machine was not doing satisfactory work; that Patterson transmitted these complaints to the company's agent at Louisville, Ky.; and that, in response to these complaints mechanics and experts were sent out from time to time to make the machinery work satisfactorily, but he contended that this had not been done, and has introduced the evidence of many witnesses which tends to show that the machine did not thresh satisfactorily and did not come up to the warranty. The question for adjudication as to Carter is whether or not he is responsible for the machine under the undisputed facts adduced in evidence. It seems to us that the case at bar in no wise differs from that of J. I. Case Threshing Machine Co. v. Lyons, etc., 72 S. W. 356, 24 Ky. Law Rep. 1862. The warranty in the cited case is identical with that in the case at bar. There the purchaser made complaint to the local agent, but failed to give written notice to the J. I. Case Threshing Machine Company at Racine, Wis., or to tender back the machine within a reasonable time after the failure of the company to make it operate satisfactorily. In the opinion we said: "It is admitted by the appellees that they did not give the notice mentioned in the foregoing contract to the J. I. Case Threshing Machine Company at Racine, Wis. They do claim to have made complaint to the agent, Depoyster, but this can in no wise excuse them from their obligation to also give notice to appellant at Racine, Wis. * * *The rule is well settled that the vendee of property who desires a rescission of the contract of sale for defects, or the failure of the property to come up to the terms of sale, must, within a reasonable

time after discovery of the defects, or failure, offer
to restore the property, and place the vendor in
statu quo in regard thereto as far as practicable.''

And then we held that the failure of the purchas-
ers to return the thresher for one whole season
was unreasonable and precluded them from a right
to a rescission of the contract. The judgment of the
circuit court was reversed with directions to enter
a judgment in favor of the machine company. The
case of Wisdom, etc., v. Nichols & Shepherd Co., 97
S. W. 18, 29 Ky. Law Rep. 1128, was in all substan-
tial respects identical with that at bar. We there
held that the purchaser of machinery was bound by
the written terms of the contract of purchase, and
the stipulation that no general or special agent, or
local dealer, was authorized to make any change
in the warranty, and that workmen or experts were
not agents and had no authority to bind the company
by any contract or statement, was binding upon the
purchaser and precluded his relying upon any al-
leged statement of such agents, workmen, or ex-
perts. After reciting the fact that the purchaser
had discovered the defects in a few days after the
purchase and had given notice of the unsatisfactory
working of the machinery, but still retained it, al-
though the seller failed to remedy the defects, we
held that as the purchaser kept the machinery he
must pay the purchase price, although it did not
come up to the warranty. In the opinion it is said:
''The contract here affords to the purchaser a rem-
edy, if the warranty is broken, that will at once re-
lieve him from all liability. He can return the ma-
chine and demand his purchase notes, thereby cancel-
ing the contract; but, if he elects to retain the prop-
erty in its defective condition, he must pay the pur-
chase price. (Authorities omitted.)

"The purchaser discovered the defective condition of the machine on the second day it was started, and as provided in the contract, he at once notified the seller; but, after notifying him, he continued to keep and use the machine, although the seller failed to remedy the defects, and it was not fulfilling the warranty. Upon the failure of the company, after receiving the notice to repair the defects or comply with its warranty, the purchaser has a reasonable time within which to return the machine and demand the cancellation of the contract, but he cannot retain the machine and also refuse to pay for it." In the case of Bailey v. Nichols, Sheppard & Co., 8 Ky. Law Rep. 64, it is said: "The purchaser of a traction engine is not entitled to a rescission of the contract of sale because of a breach of warranty, having failed to return, or offer to return, the engine within a reasonable time after he ascertained that it would not perform the work it was warranted to perform, and having continued its use after he ascertained that fact."

These cases are conclusive of the right of J. A. Carter to rescind the contract or refuse to pay his notes. He kept the machine and operated it two full summers after he knew of the defects, and failed to return it after the end of the second season, but put it in the woods, covered by a tarpaulin, all of one winter. Clearly he cannot have a rescission of his contract under these circumstances. Nor can he resist the payment of the purchase price. No agent, expert, machinist, or other workman was authorized to make any alteration in the contract by which he purchased the thresher. What they said or did can in no wise avail him. In order to be relieved from the payment for a defective thresher, he must have

complied with the written contract which clearly points out his remedy. Having failed to do this, he cannot resist the payment of his notes.

As to the defense of the guarantor, D. E. Patterson, in so far as he adopted the defense of J. A. Carter, he is bound by the result as to Carter. As to his defense of no consideration, we think he failed to substantiate it. It is true he says that he signed the guaranty after the machine was delivered to Carter and the notes of the latter delivered to the company, but the evidence satisfactorily shows that he had agreed in advance to guarantee the notes; the company having notified him that an investigation showed that Carter was financially insolvent, and, in order to make the sale, Patterson agreed to guarantee the notes, only stipulating that Carter should not know of the guaranty, and Carter's evidence showed that he did not know of it until after he had refused to pay his notes.

For these reasons, the judgment is reversed, with directions to enter a judgment in favor of the appellant against both defendants for the amount claimed in the petition.

Nunn, C. J., dissenting.