## Frick Company v. Salyers, et al.

(Decided February 1, 1924.)

### Appeal from Johnson Circuit Court.

1. Judgment—Judgment on Counterclaim Held Not Supported by Pleadings.—In action on note representing last installment of purchase price of a sawmill, wherein defendant counterclaimed for damages because saw was not in compliance with contract, but reply alleging failure to give notice as required by the contract was not controverted, held that judgment for defendant on his counterclaim was not supported by the pleadings.

2. Sales—Buyer Waived Right to Damages by Retaining Machinery After Seller's Failure to Remedy Defects.—Where sawmill did not comply with warranty, and buyer notified seller's agent, but the seller did not remedy the defects within a reasonable time as agreed, held that the buyer could waive the defects or return the machinery, and, where he waived the defects by keeping and continuing to use the mill as his own, he lost his right to damages as a counterclaim in action on the notes.

A. J. MAY for appellant.

JOHN W. WHEELER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

In February, 1914, the appellee and defendant below, John B. Salyers, signed a written order directed to the appellant and plaintiff below, Frick Company, for the purchase of a portable engine and a sawmill outfit, both of which, as well as the parts of the mill, were set forth and described in the order, and it contained the warranties of the plaintiff, as well as the agreements and obligations with respect thereto of defendant. The substance of the provisions, so far as applicable to the questions involved in this case, was that if the machinery did not fulfill the terms of the warranty the purchaser would give notice in writing to the agent through whom it was purchased and also give notice to defendant by registered mail addressed to it at its home office in Waynesboro, Pa., "within five days from first putting same in operation," and stating in the notice the defects in the machinery or parts thereof complained of; and plaintiff agreed upon receiving such notice to remedy the defect, if in its power, or if not to replace the same, but if it could do neither, then to refund the consideration, which was tantamount to a rescission of the contract.

The machinery arrived on March 18 following the date of the order, and on that day defendant received it and executed to defendant his six promissory notes, running through a space of two years thereafter, the last of which, for the sum of $125.00, was due on March 18, 1916. Defendant immediately began the operation of the mill and continued to do so for eighteen months or two years, when he sold it contrary to a provision inserted in the contract. At the time of the execution of the notes, and to secure them, defendant gave a mortgage on the machinery and also on a tract of land containing fifty acres in Johnson county. Defendant failed and refused to pay the last note, which is the one sued on herein, after it became due, although he did pay the others at or about the time of their respective due dates, and so far as this record shows without any complaint that the purchased machinery failed to measure up to the stipulations in the contract. This action was filed by plaintiff in the Johnson circuit court to collect the last note and to foreclose its lien on the mortgaged property.

Defendant answered and by counterclaim relied on a violation of the terms of the contract in only two particulars, one of which was that the contract entered into

was for a 54-inch circular saw, and the other one was that it provided for "taper movements" to the head blocks furnished as a part of the sawmill outfit; whereas, as alleged, plaintiff shipped and delivered a 52-inch circular saw with head blocks having no taper movements, and he averred that by reason of those two failures to comply with the contract he was injured and damaged in the sum of $300.00, for which he asked judgment against plaintiff.

The reply denied the averments of the counterclaim and affirmatively pleaded the failure of defendant to comply with the stipulations of the contract with reference to defective machinery or its failure in any respect to conform to the warranties therein contained, and that pleading was not responded to or controverted of record; but, notwithstanding, evidence was taken and the case was heard upon its merits as though the pleadings were completed. Upon submission the court gave judgment in favor of defendant on his counterclaim for the sum of $300.00 to be credited with the amount of the note and interest, and to reverse that judgment plaintiff has filed the transcript in this court with a motion for an appeal. Under the condition of the pleadings, as above stated, it is quite apparent that the judgment was improper, but in view of the fact that the testimony heard was insufficient to support it, we have concluded to waive that point and determine the cause upon its merits.

The contract or order for the machinery expressly stipulated for a circular saw 52 inches in diameter and for head blocks without any taper movements. Defendant testified that at the time of the execution of the note, which was the day of the delivery of the machinery, he called the attention of the agent of plaintiff, who was present, to the fact that the circular saw was only 52 inches in diameter and that the head blocks had no taper movements, and that the agent promised in substance that he would take that matter up and correct it, but so far as the record shows nothing else was ever said or done concerning the mattter, and he continued to operate the mill until the day he sold it. A witness who testified for defendant stated that he was present at the time but he does not corroborate the former as to the complaints made to the agent or as to the latter's promises with reference thereto. Both defendant and his witnesses testified that the defects complained of damaged plaintiff

from one to two dollars per day each day the mill was operated, *i. e.,* that the operation of the mill with a 52-inch saw and with head blocks without taper movements resulted in that much loss, but neither of them pointed out wherein such loss would occur, other than they said that taper movements would enable the operator of the mill to obtain a greater number of feet of lumber from swelled-head logs than could be done with head blocks without such movements, though neither of them testified that defendant cut at his mill any such logs. It is doubtful if the damages, as thus testified to, were sufficiently certain or pointed out with the requisite definiteness to authorize a recovery therefor; but, waiving that point, it is clear from the authorities, including many prior cases from this court, that defendant did not prove any legal grounds of defense.

The case of Frick Company v. Morgan, 24 Ky. L. R. 836, was one involving the sale of a threshing outfit, but the warranties and stipulations in the contract were very similar to those involved here. The purchaser therein only notified the agent of the alleged defects, according to his testimony, and did not comply with the requirements as to notice in other respects. He continued to use the machinery thereafter for an unreasonable length of time, and the court held that he failed to comply with the requirements as to notice, but, if not so, then he waived the defects by continuing for such length of time to use and operate the machinery.

In the case of J. I. Case Threshing Machine Co. v. Harp, 113 S. W. 448 (not elsewhere reported), the stipulations in the contract, with reference to the duties of each party thereto, should there be defects in the ordered machinery, were of a similar character to those involved here and which in some respects contain the exact terms, and the court held that the contract measured the respective rights and duties of the parties, and *inter alia* said: "When, therefore, appellee found the machinery was below the quality of the warranty and after having duly notified the seller of the fact there were but two courses for him to pursue—one was, to proceed upon the warranty, which was to return the articles and obtain the return of his notes. This would have completed his defense to the notes. This other course was to waive defects in the machinery. This he could do expressly or by implication as where he kept and continued to use the

machinery as his own. Waiving the defects necessarily involved an abandonment of his right to claim under the warranty.''

In the case of Meek Coal Co. v. George D. Whitcomb Co., 164 Ky. 833, the court had before it facts and conditions, as well as the rights of the parties flowing therefrom, similar to those involved here, and in announcing the law arising thereon said: ''In cases like this, the purchaser of machinery, under written contract in which the rights of the contracting parties are set forth, cannot keep the machinery for an unreasonable length of time after he discovers that it is not doing satisfactory work or fulfilling the conditions of the contract as he understands it, and then seek to recover damages for loss he may have suffered on account of the failure of the machinery to work in a satisfactory manner, or a cancellation of the contract. The purchaser, when he finds out that the machinery is not doing the quantity or character of work it was agreed according to his understanding it would do, if he wishes to hold the seller liable for a breach of the contract, or have a cancellation, should, within a reasonable time after the discovery is made, tender, or offer to tender, the machinery back and rescind the contract. If he keeps the machinery for an unreasonable length of time without doing this, he will be deemed to have waived his rights under the contract and must perform its conditions. In one form or another we have, in a number of cases, announced this rule: Vogel v. Moore, 84 S. W. 557, 27 Ky. Law Rep. 94; J. I. Case Threshing Machine Co. v. Patterson, 137 Ky. 180, 125 S. W. 287; J. I. Case Threshing Machine Co. v. Mattingly, 142 Ky. 581, 134 S. W. 1131.'' Many other cases are cited in the opinions referred to and which we deem unnecessary to refer to in this opinion.

If it were true that defendant verbally notified the agent of the imperfections complained of with reference to the saw and the head-blocks, and the latter's promise to supply the defects could be treated as a compliance with the terms of the contract (which we think is untrue), then plaintiff had a reasonable time within which to make such correction, which if not done, or the promise continuously made and refused, defendant could either waive the defects by retaining the machinery and using it as he did or tender it back to plaintiff and procure a cancellation of his notes. He pursued the former course and,

under the law as so consistently announced in the cases *supra*, he lost his right to rely on the facts pleaded in his answer, even if they were true.

It, therefore, results that the court erred in rendering judgment on the counterclaim, and the motion for the appeal is sustained, the appeal granted and the judgment is reversed with directions to dismiss it and to enter judgment in favor of plaintiff for the note and interest sued on and for an order directing the sale of the mortgaged property or so much thereof as may be necessary to satisfy plaintiff's judgment, and for other proceedings consistent with this opinion.